## Commonwealth, to use of Ford City Borough, v. Taylor.

*Taxation — Hawkers and peddlers — Borough ordinance—Interstate commerce—License tax.*

1. A borough has no power to compel the payment of a license tax, the effect of which is to impose a burden upon interstate commerce.

2. A manufacturer of goods, which are the legitimate subjects of commerce, who carries on his business of manufacturing in one state, can send an agent into another state to solicit orders for the product of his manufactory without paying a license tax for the privilege of thus trying to sell his goods.

Appeal from summary conviction. Q. S. Armstrong Co., Sept. Sess., 1922, No. 64.

*Floy C. Jones,* for plaintiff; *H. A. Heilman,* for defendant.

KING, P. J., Nov. 22, 1922.—1. On Sept. 8, 1922, the defendant was found guilty, after a hearing had before the Burgess of the said Borough of Ford City, Armstrong County, Pa., of a violation of an ordinance, which provides by section 1: "That it shall be unlawful for any person or persons, firm or company to sell or offer to sell within said borough, as peddler, hawker, traveling merchant, solicitor or agent, either by sample or otherwise, any nostrum, patent medicine, pictures, books, or any groceries, goods, wares and merchandise of whatever kind, to private consumers by peddling or hawking from house to house or on the streets or alleys, or to sell or offer to sell by soliciting orders from house to house, or to deliver orders so solicited, or to sell or offer to sell at stands on the streets or from wagons, without first obtaining a license so to do from the treasurer or burgess of the borough aforesaid."

Section 2 fixes the fines and penalties that may be imposed for violation of said ordinance.

Section 3, as amended by Ordinance of June 26, 1922, fixes the fees that shall be charged for the licenses when granted pursuant to the said ordinance.

2. The defendant, being convicted as aforesaid, was fined the sum of $15 and costs.

3. The "Real Silk Hosiery Mills" is a manufacturer of hosiery, having its place of manufacture and business in the City of Indianapolis, State of Indiana. In the prosecution of its business it employs agents, who, either under direct orders of the said Real Silk Hosiery Mills or under sales managers, solicits orders for hosiery in other states, particularly in Pennsylvania, by going from house to house.

4. The said defendant, Edgar Taylor, was an agent of the said Real Silk Hosiery Mills, and solicited orders for said company or concern by going from house to house in the Borough of Ford City, and was so engaged when arrested Sept. 7, 1922, upon a warrant issued by the said burgess of said borough.

5. Upon receiving orders for hosiery as aforesaid, the said Edgar Taylor forwarded the same to the sales agent at Butler, Pa., and the Real Silk Hosiery Mills, having received the order, sent the goods c. o. d. by United States mail to the purchaser or purchasers, and the price for said goods, less $1 which had been deposited or paid to the agent at the time of the signing of the order as a deposit pursuant to the terms of the order, was paid to the postman upon the delivery of the package by the postman to the purchaser.

6. That the said defendant obtained certain orders in the manner stated from citizens or inhabitants of Ford City Borough, and that at the time of so doing he had not obtained a license as provided by the ordinance of said borough from either the treasurer or the burgess.

7. From the judgment of the Burgess of Ford City Borough as aforesaid the defendant appealed to the Court of Quarter Sessions, and, upon special allowance, his said appeal was allowed and filed. _

There is no controversy between counsel as to the law in case the goods or merchandise sold was shipped and delivered to the purchasers directly from the Real Silk Hosiery Mills at Indianapolis, State of Indiana. We have found as a fact that it was so delivered through or by the agency of the United States mail, to whose employee—the postman—the price of the said merchandise was paid, less $1 which had been paid to the agent when the order was signed by the purchaser pursuant to the terms of the order, as a deposit.

In the case of J. W. Brennan *v.* City of Titusville, which was a case originating in Pennsylvania, and which was carried to the United States Supreme Court, reported in 153 U. S. Supreme Court Reports, page 289, it was held that "A manufacturer of goods, which are legitimate subjects of commerce, who carries on his business of manufacturing in one state, can send an agent into another state to solicit orders for the products of his manufactory without paying to the latter state a tax for the privilege of thus trying to sell his goods." A license tax required for the sale of goods is in effect a tax upon the goods themselves. A license tax imposed by a state upon an agent of a citizen of another state for the privilege of selling his goods in the former state is a direct burden on interstate commerce, and, therefore, beyond the power of the state.

In the case just cited, the City of Titusville, pursuant to an ordinance, sought to impose a fine upon an agent soliciting orders for certain merchandise which was manufactured in the State of Illinois and which was shipped directly from its manufactory or place of business in the said State of Illinois to the purchasers in the State of Pennsylvania. The State court decided that a conviction for violation of said ordinance and imposition of a fine was legal and was within the police power of the State. The United States Supreme Court reversed and held, as aforesaid, that such power did not exist, for the reason that it was a direct burden on interstate commerce. What the state cannot do, a borough within the said state cannot do, as it only acts by delegated authority from the state. That case and the law as therein declared rules and decides the present case.

And now, Nov. 20, 1922, the judgment of the Burgess of Ford City Borough, convicting the defendant and imposing a fine and costs upon him, is now reversed and set aside for the reasons stated.

From Harry C. Golden, Kittanning, Pa.